```
                    United States District Court
                      District of Massachusetts
```

|  |  |  |
|---|---|---|
| PATRICE COMPERE and MARLY COMPERE BERNADO, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 18-12431-NMG |
| DENIS RIORDAN, LEE FRANCIS CISSNA, the DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN NIELSEN and TODD LYONS, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of removal proceedings brought against Patrice Compere ("Compere"). Compere and his mother, Marly Compere Bernado, also known as Marly Brizard ("Brizard" or collectively "plaintiffs"), filed a complaint against the Department of Homeland Security and various officers and officials of the Department of Homeland Security, the United States Citizenship and Immigration Services (the "USCIS") and Immigration and Customs Enforcement ("ICE") (collectively "defendants") alleging that they have unlawfully deprived Compere the opportunity to adjudicate his application for adjustment of status. Specifically, plaintiffs submit that defendants violated the Administrative Procedure Act, 5 U.S.C.

§ 555(b), by unreasonably failing to produce for nearly 15 years the necessary documentation for Compere to file the Form I-485 Adjustment of Status application. As a result of that allegedly unreasonable delay in agency action, Compere is no longer eligible for naturalization because of subsequent criminal convictions and is subject to a final order of removal from the United States.

Plaintiffs seek a writ of mandamus to compel the USCIS to adjudicate Compere's application for adjustment of status <u>nunc pro tunc</u> to April, 2004, when the USCIS first failed to produce the necessary documentation to plaintiffs for that application. On March 20, 2019, this Court entered an order denying plaintiffs' motion for a preliminary injunction (Docket No. 26). For the reasons that follow, the Court will now allow defendants' motion to dismiss for failure to state a claim.

## I. Background

For a recitation of the facts of this case and the parties' arguments relevant thereto, see the Court's prior order on plaintiffs' motion for a preliminary injunction.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v.

-2-

Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Neither party has addressed the standard for granting a writ of mandamus.  The First Circuit Court of Appeals has, however, explained that a writ of mandamus is an extraordinary remedy in which the plaintiff must demonstrate 1) a clear and indisputable right to issuance of the writ, 2) no other adequate source of relief such that without such issuance the plaintiff is subject to "irreparable harm" and 3) the equities, on balance, favor issuance of the writ.  In re Bulger, 710 F.3d 42, 45 (1st Cir. 2013).  In addition, the First Circuit Court of Appeals has stated that the writ is typically

reserved for the immediate correction of acts or omissions by the district court amounting to an usurpation of power.

In re Tsarnaev, 780 F.3d 14, 18 (1st Cir. 2015) (internal quotation marks omitted) (quoting In re Pearson, 990 F.2d 653, 656 (1st Cir. 1993)).

**B.   Application**

As explained in this Court's prior order denying plaintiffs' motion for a preliminary injunction, plaintiffs have not established that they have a clear and indisputable right to the ultimate relief sought.  The relevant caselaw is unclear as to whether this Court has the authority to compel the USCIS to accept and adjudicate Compere's application to adjust his immigration status nunc pro tunc to April, 2004.

Furthermore, plaintiff's complaint does not seek review of the exercise of the discretionary authority of this or any other adjudicatory forum for which a writ of mandamus is intended. See In re Tsarnaev, 780 F.3d at 20-22 (denying a writ of mandamus to compel the district court to allow the defendant's motion for change of venue); In re Bulger, 710 F.3d at 48-49 (granting a writ of mandamus to compel district court judge to recuse himself).  Plaintiffs have not demonstrated that they are entitled to the unusual remedy of a writ of mandamus and therefore defendants' motion to dismiss will be allowed.

## **ORDER**

Accordingly, defendants' motion to dismiss (Docket No. 20) is **ALLOWED** and defendants' earlier motion to dismiss (Docket No. 13) is **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 12, 2019